**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dora Virginia OSORIO DE KEITH, also known as Dora Laverne Keith, also known as Dora Virginia Keith, also known as Clara Gonzalez, also known as Clara Gonzalez de Gomez, Defendant–Appellant.**

No. 04–50108.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 23, 2004.

Joseph H Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Lucien B Campbell, Federal Public Defender, Philip J Lynch, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Dora Virginia Osorio de Keith appeals the sentence imposed following her guilty plea conviction of being found in the Unit-

**556**

ed States after deportation/removal in violation of 8 U.S.C. § 1326. Osorio de Keith contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. She argues that the prior conviction that resulted in her increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in her indictment. Osorio de Keith maintains that she pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). She argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Osorio de Keith acknowledges that her argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She seeks to preserve her argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.